UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

TREVOR J. ANDERSON,

    Plaintiff,

        -against-

CASSANDRA EVANS,

    Defendant.

------------------------------------------------------------------ x

Removed from the Supreme Court of the State of New York, Suffolk County, Index No. 600707/2022

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE THAT, for the reasons stated herein and pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Cassandra Evans ("Evans"), hereby removes this civil action pending in the Supreme Court of the State of New York, Suffolk County, Index No. 600707/2022, to the United States District Court for the Eastern District of New York. Defendant's Petition for Removal is based on the following grounds:

## BACKGROUND

1.     On January 12, 2022, Plaintiff Trevor J. Anderson ("Anderson") filed a summons and complaint in the New York Supreme Court, Suffolk County (Index No. 600707/2022) (the "State Court Action"). Exhibit 1. The complaint alleges defamation and related torts based on statements made by Evans to certain individuals that her minor daughter JLE had reported years of sexual assault and abuse by Anderson while Evans and her daughter lived in his house. The complaint seeks compensatory damages, punitive damages, and attorneys' fees. (Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders in the State Court Action are attached hereto.)

2. State Court Action Plaintiff Anderson is a resident and domiciliary of New York State who resides at 64 Rollstone Avenue, West Sayville, NY 11796. State Court Action Defendant Evans is a resident and domiciliary of California who resides at 940 Sealine Drive, Apartment No. 1, Encinitas, CA 92024. (The Federal Court therefore has original jurisdiction over this action because there is complete diversity between the parties under 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000, and this action is removable to this Court pursuant to 28 U.S.C. §1441(a)-(b)).

3. On July 5, 2022, State Court Action Plaintiff Anderson moved for default judgment. Exhibit 2.

4. On July 28, 2022, State Court Action Defendant Evans cross-moved for dismissal based on lack of service. Exhibit 3.

5. On April 27, 2022, State Court Action Plaintiff Anderson withdrew his motion for default judgment. He told the court that the affidavits upon which his motion was based were fraudulent. Exhibit 4.

6. On April 27, 2022, State Court Action Plaintiff Anderson moved the court for an order extending his time to serve State Court Action Defendant Evans. Exhibit 5. On September 22, 2023, Justice Pastoressa granted that motion and ordered Anderson to serve his complaint within 120 days of the order. Exhibit 6. On October 18, 2023, State Court Action Defendant Evans filed a Notice of Appeal. Exhibit 13.

7. On November 6, 2023, before the State Court Action complaint had been served, Evans filed a complaint in the Eastern District of New York captioned *Cassandra Evans, on Behalf of JLE, a Minor v. Trevor J. Anderson*, Index No. 2:23-cv-08230-ST (the "Federal Action") and on November 8, 2023, the Clerk of the Court for the Eastern District of New York

issued a summons. Exhibit 7 (summons and complaint). The complaint in the Federal Action alleges, among other things, violation of the Child Abuse Victims' Rights Act (Sexual Activity) 18 U.S.C. § 2255. *Id.* Jurisdiction is also based on complete diversity of citizenship: Evans is a resident and domiciliary of California and Anderson is a resident and domiciliary of New York. *Id*.

8. Federal Action Defendant Anderson was served on November 9, 2023. Exhibit 8. Anderson must answer or otherwise respond to the Federal Action complaint by Thursday, November 30, 2023 (twenty-one (21) days from the date of service).

9. Three non-parties in the Federal Action have been served with subpoenas duces tecum (the high school where Anderson was employed and where some of the abuse took place, the Child Protective Services bureau, and an Office of Victim Services). Exhibit Nos. 9, 10 and 11.

10. A motion will be filed in the Federal Action to consolidate this removed State Court Action with the Federal Court Action.

11. State Court Action Defendant Evans was not served with a copy of the State Court Action Complaint until November 17, 2023, when she received a copy of the State Court Action Complaint via mail on that date. Exhibit 14. The State Court Action Complaint was mailed on November 10, 2023. *Id*.

12. Evans denies the allegations in the State Court Action Complaint, denies that Anderson has stated any valid claim for which relief may be granted, and denies that Anderson has been damaged in any manner by Evans. Nevertheless, assuming for jurisdictional purposes only that Anderson's claims are valid, he could have originally filed the State Court Action Complaint in this Court on the basis of diversity jurisdiction as Evans and Anderson are of

diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. This Notice of Removal is being filed within thirty days of service of the State Court Action Complaint. This Notice of Removal is therefore timely under 18 U.S.C. § 1446(b).

14. A copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, Suffolk County, and served on Anderson as required by 28 U.S.C. § 1446(d).

## JURISDICTION AND VENUE

15. The United States District Court for the Eastern District of New York has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(2), there being complete diversity between the citizenship and the amount in controversy exceeds $75,000.

16. The United States District Court for the Eastern District of New York also has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because (i) Defendant's affirmative defenses and counterclaims in the removed state action would have been claims which arise under the laws of the United States and federal district courts have original jurisdiction of all civil actions arising under the laws of the United States; and (ii) the removed state action arises from the same facts and circumstances which form the basis of the Federal Action Complaint which has been filed and served, and which is currently pending in the United States District Court for the Eastern District of New York.

17. The State Court Action is therefore removable from the Supreme Court of the State of New York for Suffolk County to the United States District Court for the Eastern District of New York.

18. Because the New York Supreme Court for Suffolk County lies in the Eastern District of New York, this Court is the appropriate venue for removal. See 28 U.S.C. §§ 112(c) and 1441(a).

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

19. This Court has original diversity jurisdiction over Anderson's claims in the State Court Action Complaint pursuant to 28 U.S.C. § 1332(a), which makes this action removable under 28 U.S.C. §§ 1441 and 1446(c).

20. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332(a)(1), which provides that the district court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

21. Here, the removal of the State Court Action is proper under 28 U.S.C. § 1332 because both statutory requirements for original diversity jurisdiction are satisfied.

22. For purposes of subject-matter jurisdiction based on diversity of citizenship, it is settled federal common law that citizenship for purposes of 28 U.S.C. § 1332(a) means domicile. *Linardos v. Fortuna*, 157 F3d 945 (2d Cir 1998). *See also Gilbert v. David*, 235 U.S. 561, 569 (1915). Here, State Action Defendant Evans was forced to move from New York to California before the State Court Action was commenced because of the sexual assault and abuse perpetrated upon her minor daughter by State Court Action Plaintiff Anderson. Evans has not returned to live in New York since she escaped to California, has no intention of doing so, and was domiciled in California when the State Court Action Complaint was filed. Indeed, it was because Evans' domicile was California and not New York that Anderson was unable to serve

5

her with the State Court Action Complaint which resulted in him having to withdraw the motion for default judgment.

23. Accordingly, for purposes of diversity jurisdiction, Evans is a citizen of California.

24. Because Anderson is a citizen of New York and Evans is a citizen of California, and they are the only parties to the State Court Action, complete diversity exists between Anderson and Evans as required under 28 U.S.C. § 1332.

25. Diversity jurisdiction also requires an amount in controversy of greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

26. Here, Anderson does not specify the amount of damages he seeks but claims that he lost income as a result of Evans' communications, and he seeks punitive damages as well as attorneys' fees. Exhibit 1, Wherefore Clause.

27. Accordingly, Plaintiff's combined request of compensatory damages, plus attorneys' fees as well as other monetary relief, exceeds the $75,000 threshold, and it does not appear to a legal certainty that Plaintiff could not recover in excess of this threshold. *See Saint Paul Mercury Indem. Co.*, 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").

28. Because there is complete diversity among the parties and Anderson's claims for compensatory damages by itself is sufficient to meet the jurisdictional amount, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

**REMOVAL OF THE STATE COURT ACTION
TO THIS DISTRICT COURT IS PROCEDURALLY PROPER**

29. This Notice of Removal is being filed within thirty days of service of the State Court Action Complaint, making the action timely removed pursuant to 28 U.S.C. § 1446(b).

30. Venue is proper in this District Court, pursuant to 28 U.S.C. §§ 1391 and 1441(a), because it is the district court for the district and division embracing the place where the State Court Action is pending.

31. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal—by a document titled "Notice of Filing Notice of Removal"—will be promptly filed with the Clerk of the Supreme Court of New York, Suffolk County, and served on Anderson's counsel of record. A copy of the said Notice of Filing of Notice of Removal is attached hereto as Exhibit 12.

32. If any questions arise as to the propriety of the removal of this State Court Action, Defendant Evans requests the opportunity to present a brief and argument in support of her position that this case is removable. Defendant Evans further reserves the right to seek its fees and costs arising out of any frivolous motions to remand or based on the fraudulent joinder of parties.

WHEREFORE, State Court Action Defendant Evans hereby removes this State Court Action from the Supreme Court of the State of New York, Suffolk County, to this Court and

requests that this Court assume jurisdiction of this action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial.

Dated: November 23, 2023
       New York, NY

                              SHAPIRO LITIGATION GROUP PLLC

                              By: _____
                                   David J. Shapiro

                              1460 Broadway, Suite 7019
                              New York, New York 10036
                              dshapiro@shapirojuris.com
                              Office: (212) 265-2870
                              Fax: (917) 210-3236

                              *Counsel for State Court Action Defendant*
                              *Cassandra Evans*